### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Majid Mustafa,** | ) | |
| **Plaintiff,** | ) | **Case No: 13 C 5699** |
| | ) | |
| v. | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **City of Chicago, et al.,** | ) | |
| **Defendants.** | ) | |

### ORDER

For the reasons stated below, Defendants' motion to dismiss [16] is granted. Plaintiff has 21 days from the date of entry of this order to file an amended complaint in accordance with Rule 11.

### STATEMENT

Majid Mustafa sues the City of Chicago ("City"), Garry McCarthy, Superintendent of Police, and Tracey Ladner, Director of Human Resources for Chicago Police Department, for breach of implied contract and equitable estoppel, violating his civil rights pursuant to 42 U.S.C. § 1983, *respondeat superior*, and indemnification. Defendants move to dismiss the amended complaint. For the reasons stated herein, the motion is granted.

**Facts**

In his amended complaint, Plaintiff alleges that he was a probationary employee of the City, training to become a Chicago Police Officer. (Am. Compl., Dkt. # 3-1, ¶ 3.) While engaged in a training exercise on February 15, 2013, Plaintiff's thumb became dislocated. (*Id*. ¶ 11.) On February 25, 2013, a doctor certified Plaintiff to "return to work" without restriction. (*Id.* ¶ 13.) On March 7, 2013 and March 13, 2013, Plaintiff attempted but failed to successfully complete the State of Illinois firearms test, which required a two-handed firing technique. (*Id*. ¶ 14.) On March 20, 2013, Plaintiff was ordered to participate in the "bear crawl" training exercise, which further injured

his thumb. (*Id.* ¶ 15.) On March 26, 2013, Plaintiff was ordered to make his third and final attempt at completing the firearms test despite his request for a postponement to allow his thumb to heal. (*Id.* ¶ 18.) On March 27, 2013, Ladner terminated Plaintiff as a probationary Chicago Police Officer because he failed to meet the standards set by the State of Illinois. (*Id.* ¶¶ 20, 21.)

**Standard**

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a Rule 12(b)(6) motion to dismiss, the Court accepts the well-pleaded factual allegations as true and draws all reasonable inferences from them in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009).

**Analysis**

<u>Breach of Implied Contract</u>

The Court notes that any claim for breach of an implied contract against defendants McCarthy and Ladner cannot stand as Plaintiff does not allege that these defendants entered into a contract with Plaintiff. Therefore, McCarthy and Ladner are dismissed as defendants with respect to this claim.

As to the City, a contract implied in fact is "one in which a contractual duty is imposed by a promissory expression[,] which may be inferred from the facts and circumstances and the expressions on the part of the promisor which show an intention to be bound." *Kohlenbrenner v. N. Suburban Clinic, Ltd.*, 826 N.E.2d 563, 567 (Ill. 2005). A contract implied in fact requires all of the elements of an express contract, as well as mutual intent to enter into a contract. *Nissan N. Am., Inc. v. Jim M'Lady Oldsmobile, Inc.*, 486 F.3d 989, 996 (7th Cir. 2007).

To the extent that Plaintiff alleges that he had an implied contract with the City for ongoing employment, he pleads himself out of court. Plaintiff alleges that he was a probationary police officer. However, "[a]bsent a clear statement to the contrary, probationary police officers have no right to continued employment under the Illinois Municipal Code." *Krecek v. Bd. of Police Com'rs of La Grange Park*, 646 N.E.2d 1314, 1319 (Ill. App. Ct. 1995); *Faustrum v. Bd. of Fire and Police Com'rs of Vill. of Wauconda*, 608 N.E.2d 640, 643 (Ill. App. Ct. 1993) ("[M]unicipalities . . . [must] make a clear statement before they will be held to have altered the at-will status of probationary police officers"). While Plaintiff alleges that "upon entering this probationary training program operated by the City, the Plaintiff and the City entered into an implied contract that was to last during the probationary period" (Pl.'s Resp., Dkt. # 20, ¶ 7), he points to no facts in support of a claim that he was promised ongoing employment or that the City altered the at-will status of his employment. Plaintiff also appears to allege that he had an implied contract with the City not to harm him. (Am. Compl., Dkt. # 3-1, ¶ 10) ("The implied contract creates an implied obligation to exercise general care for the probationary employee . . . and to refrain from doing anything to harm [or] impede . . . his efforts to successfully complete the probationary training."). However, Plaintiff fails to allege any facts supporting an offer by the City not to harm him. Therefore, this aspect of the breach of implied contract claim also fails.

<u>Equitable Estoppel</u>

Plaintiff purports to allege an equitable estoppel claim in his amended complaint, which Defendants move to dismiss. Because Plaintiff does not address Defendants' bases for dismissal in his response to the motion to dismiss, the claim is deemed waived. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) ("[W]e also apply th[e] [waiver] rule where a litigant effectively

3

abandons the litigation by not responding to alleged deficiencies in a motion to dismiss.").

§ 1983

The City first contends that Plaintiff has failed to specifically identify the constitutional right that has been violated. While the amended complaint is not entirely clear, in his response to Defendants' motion to dismiss, Plaintiff asserts that Defendants violated his substantive due process rights through the willful and wanton conduct of Trevino, a training instructor, who forced him to participate in the "bear crawl" exercise when his thumb was injured. (Am. Compl., Dkt. # 3-1, ¶ 66.) He also asserts that he was subjected to insulting and disparaging name-calling, including being referred to as "little Paki bomber" and "the alderman's kid." (*Id*. ¶ 67.)

The Fourteenth Amendment due process clause prohibits state governments from depriving "any person of life, liberty, or property without due process of law. . . ." U.S. Const. amend. XIV, § 1. "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 272 (1994). The Court construes Plaintiff's claim as alleging a violation of his liberty interest in bodily integrity. For purposes of the instant motion, the Court concludes that Plaintiff has stated a substantive due process claim by alleging he was forced to participate in training exercises while injured.[1]

To the extent Plaintiff seeks to implicate McCarthy and Ladner in their individual capacities, however, he fails to allege any facts tending to show that they were personally responsible for the

---

[1] "[S]ubstantive due process may not be called upon when a specific constitutional provision . . . protects the right allegedly infringed upon." *Doe v. Heck*, 327 F.3d 492, 518 n.23 (7th Cir. 2003). Defendants do not raise this premise as a basis for dismissal so the Court does not address it.

alleged deprivation of his constitutional rights. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) ("'An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.'") (citations and alteration omitted). Plaintiff's conclusory allegation that McCarthy and Ladner knew of but "turned a blind eye" to the alleged conduct is unavailing as it is unsupported by facts. *See Stanfield v. Dart*, No. 10 C 6569, 2011 WL 1429172, at *3 (N.D. Ill. Apr. 14, 2011) (dismissing § 1983 personal liability claim because plaintiff "fail[ed] to plead any facts to support her conclusory allegations" that defendants knew about offender's behavior). Therefore, the claim against these defendants in their personal capacity is dismissed.

As to the City, "'municipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives' by municipal policymakers." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (citation omitted). The Seventh Circuit has stated that municipal liability under § 1983 can be based on:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Abbott v. Vill. of Winthrop Harbor*, 205 F.3d 976, 981 (7th Cir. 2000) (internal quotation marks omitted).

In his amended complaint, Plaintiff appears to rely on the last basis. While acknowledging that the City Council is the final policymaker for the City, Plaintiff alleges that the City Council has delegated authority to McCarthy and Ladner "with regard to police policies and practices." (Am. Compl., Dkt. # 3-1, ¶ 69.) According to Plaintiff, McCarthy and Ladner, as delegated policymakers for the City, "permitt[ed] unrestrained and uncontrolled instructors at the Chicago Police Training

5

Academy [to] physically harm [Plaintiff] . . . , and . . . order other trainees to be subjected to arbitrary, harmful and offensive conduct. . . ." (Am. Compl., Dkt. # 3-1, ¶ 72.) While the City argues that McCarthy and Ladner do not, as a matter of state law, have policymaking authority for the City as to employment policy, the Court does not perceive Plaintiff to be so arguing. Instead, as just noted, Plaintiff alleges that they had delegated policymaking authority as to "police policies and practices."

Nevertheless, Plaintiff has not alleged any facts in support of his assertion of delegated authority. *Cf. Kristofek v. Village of Orland Hills*, 712 F.3d 979, 987-88 (7th Cir. 2013) (concluding that plaintiff "barely" alleged sufficient facts that police chief had *de facto* authority to set hiring and firing policy when complaint "suggested" that chief's firing decisions were not reviewed and alleged that chief indicated he could not work with anyone he did not trust and escorted plaintiff out of building in front of coworkers). Contrary to *Kristofek*, Plaintiff alleges no facts at all in support of his allegation of delegated authority. Nor does Plaintiff allege any facts that the purported actions of the training officers were directed by McCarthy and Ladner. *Id*. at 987 ("It is well-established that when a particular course of action is *directed by* those who set municipal policy, the municipality is responsible under section 1983, even if the action in question is undertaken only once.") (citation and internal quotation marks omitted) (emphasis added).

Therefore, the City's motion to dismiss the *Monell* claims is granted.

### *Respondeat Superior*

The City "cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978). Therefore, this claim is dismissed.

### Indemnification

Because Plaintiff has failed to allege any claims for which the City could be responsible, the indemnification claim is dismissed.

### Injunctive Relief

Any request for injunctive relief, including reinstating Plaintiff to his job, is stricken. First, Plaintiff cites to no authority for the imposition of a mandatory injunction under his breach of implied contract claim. Moreover, under Illinois law, "[a] mandatory injunction is an extraordinary remedy which may be granted when a plaintiff establishes that his remedy at law is inadequate and that he will suffer irreparable harm without the injunctive relief." *Lewis E. v. Spagnolo*, 710 N.E.2d 798, 815-16 (Ill. App. Ct. 1999). Plaintiff does not demonstrate an inadequate remedy at law. To the extent that he is seeking injunctive relief under § 1983, "[w]hen there is no continuing violation of federal law, injunctive relief is not part of a federal court's remedial powers." *Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 894 (7th Cir. 2012) (citation and internal quotation marks omitted). Plaintiff alleges no ongoing violation of federal law. Therefore, the request for injunctive relief is stricken.

### Punitive Damages

Plaintiff's punitive damages request against the City is stricken as the City is immune. 745 Ill. Comp. Stat. 10/2-102.

**Conclusion**

For the reasons stated herein, Defendants' motion to dismiss is granted. Plaintiff has 21 days from the date of entry of this order to file an amended complaint to the extent he is able in accordance with Rule 11.

**Date**: December 4, 2013

_____
**Ronald A. Guzmán**
**United States District Court**